UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RAMIRO MOLINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-09-40 |
| | § | |
| THOMAS J. VILSACK, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Thomas J. Vilsack's ("Defendant") Motion to Transfer Action to the Corpus Christi Division, filed November 23, 2009 (Dkt. No. 10). Because more than 20 days have passed and Plaintiff Ramiro Molina ("Plaintiff") has not responded, Defendant's motion is therefore deemed unopposed. *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling twenty days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). Although unopposed, the Court has considered the merits of Defendant's motion and is of the opinion that it should be GRANTED.

**I. Factual and Procedural Background**

This is an employment discrimination action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* (Title VII), in accordance with its provisions prohibiting discrimination against persons based on their race or national origin.

Defendant Vilsack is Secretary of the U.S. Department of Agriculture (USDA). According to his Complaint (Dkt. No. 1), Plaintiff has been employed by the USDA for over 31 years, and at all times relevant to this action was a resident of Jim Wells County, Texas. Plaintiff

is currently employed as a Soil Survey Project Leader, GS-0470-12, with the USDA Natural Resources Conservation Service Center (NRCS), also located in Jim Wells County, Texas. Plaintiff contends that, during the course of his employment with the USDA, he was discriminated against and suffered adverse employment action on the basis of his race and national origin. Plaintiff further alleges that after he complained to his supervisor about this discriminatory treatment, Defendant retaliated against Plaintiff by demoting him and reassigning him to an unfavorable work site, in further violation of Title VII.

Plaintiff filed suit in the U.S. District Court for the Southern District of Texas, Victoria Division. Defendant thereafter filed this motion challenging the convenience of the current venue under 28 U.S.C. § 1404(a). Defendant seeks transfer of all claims asserted against it to the Southern District of Texas, Corpus Christi Division.

## II. Legal Standard

Section 1404(a) permits the Court to transfer a case from one district or division to another "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The goal of this provision is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Shoemake v. Union Pacific R.R. Co.*, 233 F.Supp.2d 828, 829 (E.D. Tex. 2002) (citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). Whether a §1404(a) transfer is proper is committed to the sound discretion of the trial court, which should determine a motion to transfer venue based on an "individualized case-by-case consideration of convenience and fairness." *Shoemake*, 233 F.Supp.2d at 829 (citing *Stewart Org., Inc. v. Recoh Corp.*, 487 U.S. 22, 29 (1988)).

The party seeking a change of venue bears the burden of demonstrating that the forum

should be changed. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966). To prevail on a motion to transfer venue for the convenience of the parties under §1404(a), the movant must demonstrate the balance of convenience and justice weighs substantially in favor of transfer. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1165 (S.D. Tex. 1994). The Court's determination of convenience hinges on several private and public interest factors, none of which are determinative of the issue. *In re Volkswagen*, 371 F.3d at 203.

**II. Discussion**

    **A. Threshold Determination**

The threshold determination to be made under § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen*, 371 at 203; *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). It is undisputed that venue it proper in the Southern District of Texas. Defendant only seeks to transfer venue to another division within this district. The Court must next address various private and public interest factors, none of which carry dispositive weight, to determine whether a transfer furthers the convenience of the parties and witnesses. *In re Volkswagen*, 371 F.3d at 203; *In re Horseshoe*, 337 F.3d at 433.

    **B. Convenience of the Parties and Witnesses**

        **1. Private Interest Factors**

When analyzing a §1404(a) motion, district courts in the Fifth Circuit must weigh private interest factors including (a) the plaintiff's choice of forum; (b) the availability and convenience of parties and witnesses; (c) the cost of obtaining witnesses and other trial expenses; (d) the availability of compulsory process; (e) the relative ease of access to sources of proof; (f) the place of the alleged wrong; and (g) the possibility of delay and prejudice. *In re Volkswagen*, 371

at 203 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)); *In re Horseshoe*, 337 F.3d at 433.

### a. Plaintiff's Choice of Forum

A plaintiff's choice of forum is "a factor to be considered but is neither conclusive nor determinative." *Devon Energy*, 2007 WL 1341451 at *6 (citing *In re Horseshoe*, 337 F.3d at 434). Ordinarily, there is a strong presumption favoring the plaintiff's choice of forum. *Robertson v. Kiamichi R.R. Co.*, 42 F.Supp. 2d 651, 655 (E.D. Tex. 1999); *In re Triton*, 70 F.Supp. 2d 678, 688 (E.D. Tex. 1999). However, when the plaintiff's chosen forum has little or no factual connection to the case, the plaintiff's choice carries less weight. *Hanby v. Shell Oil Co.*, 144 F.Supp. 2d 673, 677 (E.D. Tex. 2001). Furthermore, where, as is the case here, the plaintiff is not from the forum it has chosen, the plaintiff's choice is given less deference. *Miller v. Kevin Gros Marine, Inc.*, 2006 WL 1061919 at *3 (S.D. Tex. 2006) (citing *Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997)).

The alleged actions giving rise to this litigation occurred in Jim Wells County, Texas and Nueces County, Texas, both of which are located solely within the Corpus Christi Division. *See* 28 U.S.C. § 124(b)(6). This case has little to no connection to the Victoria Division, and the Plaintiff himself is a resident of the Corpus Christi Division. However, since Plaintiff's choice is given some deference, this factor is neutral or weighs slightly against transfer.

### b. Availability and Convenience of Parties and Witnesses

Courts often note that the convenience of the witnesses is arguably the most influential factor in a § 1404(a) inquiry. *See Devon Energy*, 2007 WL 1341451 at *6; *Dupre v. Spanier Marine Corp.*, 801 F.Supp. 823, 825 (S.D. Tex. 1993). Indeed, "[i]t is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is

4

accorded greater weight in a transfer of venue analysis." *State Street Capital Corp. v. Dente*, 855 F.Supp. 192, 198 (S.D. Tex. 1994). More specifically, courts must focus primarily upon the availability and convenience of key witnesses. *Dupre*, 801 F.Supp at 825.

Defendant contends the Corpus Christi Division is a more convenient place to proceed with this matter based in large part on the availability and convenience of the parties and witnesses. The events giving rise to this lawsuit as alleged by Plaintiff involve his former employment with the Defendant, which is sited in the Corpus Christi Division. Furthermore, the Plaintiff and other employees of the Defendant who will likely be called as witnesses at trial are all located in the Corpus Christi Division. This factor weighs heavily in favor of transfer.

### c. Cost of Obtaining Witnesses and Other Trial Expenses

As considered above, to the extent that the Plaintiff and all witnesses identified thus far reside in the Corpus Christi Division, the cost of obtaining such witnesses if the action were transferred would of course be less. Moreover, as Defendant points out, compelling the appearances of witnesses at trial "will necessitate taking federal employees away from work, and the federal government will have to pay them court leave for the time they spend driving to Victoria, waiting to be called to testify, and the time spent driving back to Corpus Christi—plus mileage." (Dkt. No. 10, ¶ 4.) Like factor (b), this factor favors transfer.

### d. Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(c)(3)(A)(ii) would allow a court in either the Victoria Division or the Corpus Christi Division to compel any witness residing within the State of Texas to attend trial. Thus, this factor is neutral.

### e. Relative Ease of Access to Sources of Proof

Also as noted above, Plaintiff and nearly all–if not all–witnesses reside in the Corpus Christi Division. In addition, it is likely that the letters, email, performance appraisal, and other personnel documentation to which Plaintiff refers in his Complaint are located at Defendants' offices in the Corpus Christi Division, and Plaintiff has made no indication that any proof is located in the Victoria Division. Therefore, the Court weighs this factor in favor of transfer.

### f. Place of Alleged Wrong

The place of the alleged wrong is considered one of the most important factors in determining a motion to transfer venue. *Devon Energy*, 2007 WL 1341451 at *7 (citing *Lemery v. Ford Motor Co.*, 244 F.Supp.2d 720, 732 (S.D. Tex. 2002)). The events giving rise to this lawsuit as alleged by Plaintiff involve his former employment with the Defendant, whose regional office is located in the Corpus Christi Division. According to his Complaint, the discrimination to which Plaintiff was subjected, as well as Defendant's subsequent retaliation, were both alleged to have occurred within the Corpus Christi Division. This factor favors transfer.

### g. Possibility of Delay or Prejudice

The Fifth Circuit has instructed that this factor should only be considered in "rare and special circumstances" and must be established by clear and convincing evidence. *In re Horseshoe*, 337 F.3d at 434. Plaintiff filed this suit in the Victoria Division on June 3, 2009. On November 23, 2009, Defendant filed this motion challenging the convenience of the current venue. This litigation has just begun, and transferring this case from the Victoria Division to the Corpus Christi Division will not result in undue delay or prejudice to either side. This is


especially true here, where the Court has not yet held a Rule 16 Scheduling Conference, and discovery has not commenced. Therefore, this factor is neutral.

### 2. Public Interest Factors

When determining a motion to transfer venue, courts in the Fifth Circuit must also weigh public interest factors including (a) the administrative difficulties flowing from court congestion; (b) the local interest in having localized interests decided at home; (c) the familiarity of the forum with the law that will govern the case; and (d) the avoidance of unnecessary conflict of law problems. *See In re Volkswagen*, 371 F.3d at 203 (citing *Piper Aircraft v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

#### a. Administrative Difficulties Flowing from Court Congestion

Neither side has indicated that administrative difficulties flowing from court congestion may arise in the Victoria Division as opposed to the Corpus Christi Division. This factor is neutral.

#### b. Local Interests

Courts favor the venue in which the events giving rise to the litigation occurred. *See, e.g., In re Volkswagen*, 371 F.3d at 206; *Devon Energy*, 2007 WL 1341451 at *9; *Rice Co. v. Flanagan Shipping Corp.*, 2006 WL 2981194 at *2 (S.D. Tex.) (each case emphasizing the locale of the events underlying litigation). Plaintiff has provided no argument that local interests would be better served in the Victoria Division. Thus, this Court finds that the local interests favor transfer.

### c. Familiarity of the Forum with the Law that Will Govern the Case

This is an employment discrimination action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 (Title VII). As such, this factor is neutral in the Court's transfer analysis.

### d. Avoidance of Unnecessary Conflict of Law Problems

Neither side has identified authority, nor is the Court aware of any, indicating that a trial in the Victoria Division as opposed to the Corpus Christi Division would entail or avoid conflict of law problems. This factor is also neutral in the Court's transfer analysis.

### 3. Conclusion as to the Convenience Factors

The Court concludes that Defendants have demonstrated that the balance of convenience weighs substantially in favor of transferring this case to the Corpus Christi Division. Both the private and public factors, on whole, favor transfer.

### B. Interests of Justice

In addition to determining the convenience of the parties and witnesses, "[c]onsideration of the interest of justice, which includes judicial economy 'may be determinative to a particular transfer motion, even if the convenience of the parties and the witnesses may call for a different result.'" *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986)); *see also Zoltar Satellite Sys. V. L.G. Elecs. Mobile Commc'ns Co.*, 402 F. Supp 731, 735 (E.D. Tex. 2005).

Defendant fails to address whether, "in the interests of justice," this case should be transferred. However, the Court notes that, outside of this motion, it has not made rulings on discovery and/or dispositive motions, or guided this case toward any settlement discussions. The Court has no discernable history with the parties, witnesses, or relevant evidence in the instant

lawsuit, and this Court has no more knowledge about the current action than would the Corpus Christi Division. Therefore, the interests of justice do not detract from the Court's finding that this action should be transferred.

### III. Conclusion

For the reasons stated above, Defendant's Motion to Transfer Action to the Corpus Christi Division (Dkt. No. 10) is GRANTED. This action is TRANSFERRED to the United States District Court for the Southern District of Texas, Corpus Christi Division.

It is so ORDERED.

SIGNED this 23rd day of December, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE